UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY FISHER,

                         Petitioner,

           - against -

MARK BRADT,

                         Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

15-cv-1083 (SLT) (LB)

**TOWNES, United States District Judge,**

*Pro se* plaintiff Anthony Fisher ("Fisher" or "Petitioner") petitions for a writ of habeas corpus alleging his conviction in Queens County Supreme Court for Robbery in the First Degree, Robbery in the Second Degree, and Criminal Possession of a Weapon in the Third Degree was obtained in violation of the Constitution. Because Fisher has failed to exhaust his State court remedies challenging his conviction, the petition is dismissed without prejudice.

## Background

Petitioner was convicted by a jury of Robbery in the First Degree, Robbery in the Second Degree, and Criminal Possession of a Weapon in the Third Degree on February 15, 2011. He was sentenced to concurrent sentences of twenty-two years and fifteen years for the robbery counts, with 5 year periods of post-release supervision, and a consecutive term of three and a half to seven years for the weapon possession count. Petitioner remains in State custody.

Fisher appealed his conviction to the Supreme Court, Appellate Division, Second Department, which affirmed the conviction as not contrary to the weight of the evidence. *People v. Fisher*, 116 A.D.3d 968, 970 (2d Dep't, 2014), *lv. denied*, 23 N.Y.3d 1020 (2014), *recons. denied*, 24 N.Y.3d 1083 (2014). Leave to appeal to the New York Court of Appeals was denied,

as was a subsequent motion for reconsideration. *Id.* On February 12, 2015, Petitioner moved to vacate the conviction pursuant to N.Y.Crim. Proc. L. § 440.10 ("Section 440") in Queens County Supreme Court. The motion is pending. (*See* Petition, filed Feb. 24, 2015, Doc. 1, 6.) Also on February 12, 2015, Petitioner executed his habeas corpus petition pursuant to 28 U.S.C. § 2254 (the "Petition") claiming ineffective assistance of trial counsel, evidence was obtained in violation of the Fourth Amendment, and the trial court improperly admitted false testimony of a police officer. (*Id.*, 6-9.) These claims are the same as those raised in Petitioner's Section 440 motion. (*Id.*, 12.) Respondent Mark Bradt ("Respondent") moved to dismiss the Petition for Petitioner's failure to exhaust State remedies. (Motion to Dismiss, March 17, 2015, Doc. 6.) Petitioner has not filed an opposition to Respondent's motion.

## Discussion

A district court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, such application may only be granted if "it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir.2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies.").

In order to exhaust his state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). In New York, a petitioner is "entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals." *Aparicio v.*

*Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing N.Y.Crim. Proc. Law § 450.10(1); N.Y. Court R. § 500.10(a)[1]). If a petitioner has already pursued these appeals, he may bring additional claims in a motion to vacate judgment under Section 440. Section 440 motions are limited to off-the-record claims, and may be pursued "[a]t any time after the entry of judgment." N.Y.Crim. Proc. Law § 440.10(1).

Petitioner admits that the claims raised in the Petition are also the basis for his currently pending Section 440 motion. Thus, Petitioner's claims have not been exhausted and this Court is unable to consider the Petition. *Carvajal*, 633 F.3d at 104. Moreover, this is not a "mixed petition" case, presenting both exhausted and non-exhausted claims, which may be stayed pending exhaustion where a petitioner had good cause for failing to exhaust, the claims are potentially meritorious, and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

## Conclusion

Therefore, for the reasons stated above, Respondent's motion to dismiss is hereby **GRANTED** and the Petition is dismissed without prejudice to refiling once Petitioner's state remedies have been exhausted.

**SO ORDERED**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: November 16, 2015
Brooklyn, New York

---

[1] "New York Court Rule section 500.10 governing criminal leave applications has subsequently been amended and is recodified at section 500.20. N.Y. Comp.Codes R. & Regs. tit. 22, § 500.20." *Smith v. Duncan*, 411 F.3d 340, 345 n. 3 (2d Cir. 2005).

3